Diarl NOLAND *v.*
FARMERS INSURANCE COMPANY, INC., et al.

94-772                                    892 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered February 13, 1995

*John I. Purtle, P.A.*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Elizabeth Fletcher Rogers*, for appellee.

TOM GLAZE, Justice. On or about January 29, 1989, Diarl Noland and his wife, Debra Noland, purchased a homeowner's policy from appellee Farmers Insurance Co., Inc. The policy covered the Nolands' dwelling for a twelve-month period ending January 29, 1990. On the night of December 31, 1989, a fire destroyed the Noland house and its contents. As a result of the fire loss, Farmers paid the mortgagee, First Commercial Mortgage Company, the sum of $46,011.99 and under the terms of the policy, advanced the Nolands $2,000 for living expenses. Later, Farmers refused to make further payments under the policy because a question arose concerning whether the Nolands may have committed arson. Debra's cousin was also implicated. The Nolands subsequently were charged in federal court with conspiracy to commit arson and mail fraud, aiding and abetting arson and six counts of aiding and abetting in a mail fraud scheme.

On December 17, 1990, Diarl Noland was found innocent, but his wife was convicted of the charges and is currently in prison.

On May 15, 1993, Noland filed a complaint against Farmers, seeking to collect under the homeowner policy as an innocent spouse. He also sought damages for the tort of bad faith. Farmers filed a counterclaim to Diarl Noland's suit and a third-party complaint against Debra Noland. Farmers asserted that the Nolands should reimburse Farmers the monies it had paid under the policy. The trial court granted Farmers's motion for summary judgment, holding that, under the terms of the policy, Diarl Noland could not recover as an innocent spouse. By its judgment, the court also dismissed Farmers' counterclaim and third-party suit against the Nolands. Diarl Noland appeals from that judgment.

Diarl Noland first argues that a homeowner's insurer should not be able to deny coverage benefits to an innocent spouse because of the wrongdoing of the other spouse. This court has never decided that exact issue. However, in *Bryan* v. *Employers Nat'l Ins. Corp.*, 294 Ark. 219, 742 S.W.2d 557 (1988), the court did consider a similar question. There, a business partner was convicted of setting fire to the insured premises, and his co-partner brought suit against the insurer of the property in an attempt to recover proceeds for the fire loss under the policy. The trial court denied recovery under the policy terms, and concluded that, as a matter of law, the co-partner could not recover as an innocent partner. On appeal, this court affirmed, agreeing that the exclusionary provisions prohibited the innocent partner's recovery for the loss. Quoting the policy language, the Bryan court pointed out that the policy terms did not insure against a loss caused by any criminal act done by any insured or partner of any insured. The court determined that because the insured partner committed arson, the policy's explicit language precluded any recovery.

The court's decision in *Bryan* is in keeping with Arkansas law. This court has said that intent to exclude coverage in an insurance policy should be expressed in clear and unambiguous language, and an insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Nationwide Mutual Ins. Co.* v. *Wor-*

*thy,* 314 Ark. 185, 861 S.W.2d 307 (1993). It is also a long-standing rule that, where the terms of the policy are clear and unambiguous, the policy language controls; and absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms. *See State Farm Mutual Ins. Co.* v. *Cartmel,* 250 Ark. 77, 463 S.W.2d 648 (1971). Like *Bryan,* a number of other jurisdictions have similarly held that, whether an innocent coinsured, regardless of the relationship, is able to recover under an insurance policy is dependent upon the language of the policy. *See Spezialetti* v. *Pacific Employees Ins. Co.,* 759 F.2d 1139 (3rd Cir. 1985) (innocent spouse was barred from recovery under the terms of an exclusionary provision); *Vance* v. *Pekins Ins. Co.,* 457 N.W.2d 580 (Iowa 1990) (determination of whether coinsured spouse could recover under policy depended on contract analysis); *State Farm Fire & Casualty* v. *Walker,* 157 Wis.2d 459, 459 N.W.2d 605 (Wis. App. 1990) (under terms of policy, actions of insured barred recovery by other innocent insured); *Amick* v. *State Farm Fire & Casualty Co.,* 862 F.2d 704 (8th Cir. 1988) (under Missouri law, exclusionary clause barring recovery by innocent coinsured was not void as against public policy); *Bryant* v. *Allstate Ins. Co.,* 592 F.Supp. 39 (E.D.Ky. 1984) (insurer is required to pay solely for those losses it insured and not for those which were clearly excluded by unambiguous language); *Ryan* v. *MFA Mutual Ins. Co.,* 610 S.W.2d 428 (Tenn. App. 1980) (insurer is bound by the language it unilaterally drafted into the insurance contract).

In the present case, the Nolands' homeowners policy, paragraph 11, provides:

> Intentional Acts. If any insured directly causes or arranges for a loss of covered property in order to obtain insurance benefits, this policy is void. *We will not pay you or any other insured* for this loss. (Emphasis added.)

Diarl and Debra were insureds under the policy and the policy terms explicitly excluded payment of insurance benefits to "any other insured" for the act of "any insured" causing or arranging for a loss. Consequently, Diarl Noland, as an "other insured," is precluded from receiving any benefit under these clear terms of the policy. *Cf. Spezialetti,* 759 F.2d 1139 (where exclusionary provision denied coverage when fraudulent act was

commited by "any insured," court stated it had no difficulty in finding "any insured" means one covered by the terms of the policy and therefore barred recovery by the innocent coinsured spouse).

Diarl Noland also suggests that the exclusionary terms in his homeowners policy are contrary to public policy. He offers no Arkansas law or convincing argument to support his suggestion. In fact, the General Assembly has stated its intent to reduce the loss of life and fire damage to property caused by the crime of arson and to control the incidence of arson fraud. *See* Ark. Code Ann. § 23-88-201 (Repl. 1992). In sum, Mr. Noland has failed to show any contravention of public policy.

Finally, while Mr. Noland fails to make it a separate point for reversal, he also suggests Farmers failed to prove that Debra Noland caused the fire and resulting loss of the insured premises. We note that evidence of a final judgment adjudging a person guilty of a felony is admissible to prove any fact essential to sustain a civil judgment. Ark. R. Evid. 803(22). Here, Farmers' proof included a copy of Debra's judgment of convictions for the felony arson and fraud crimes relevant in the circumstances here, but Diarl offered no evidence to rebut or disprove the convictions. He was required to meet proof with proof which he failed to do. *See Dillard* v. *Resolution Trust Corp.*, 308 Ark. 357, 832 S.W.2d 387 (1992).

For the reasons above, we affirm.