United States Court of Appeals

FOR THE EIGHTH CIRCUIT

————————

No. 96-2543

————————

Canal Insurance Company,                    *
                                            *
            Plaintiff-Appellant,            *    Appeal from the United States
                                            *    District Court for the
      v.                                    *    Western District of Arkansas.
                                            *
Rodney DeWayne Ashmore,                     *
                                            *
            Defendant-Appellee.             *


————————

Submitted:  January 13, 1997

Filed:  October 6, 1997

————————

Before WOLLMAN and HANSEN, Circuit Judges, and MONTGOMERY,[1]
District Judge.

————————


HANSEN, Circuit Judge.

_____

      [1]The HONORABLE ANN D. MONTGOMERY, United States District Judge
for the District of Minnesota, sitting by designation.

Canal Insurance Company appeals the judgment of the district court in favor of Rodney DeWayne Ashmore in this diversity-based declaratory judgment action. We reverse.

## I.

This insurance dispute arose out of a 1989 motor vehicle accident in Mississippi, involving Rodney Ashmore, who was an occupant of a semi-tractor truck owned by his father, Dale Ashmore, doing business as Ashmore and Sons Trucking. Rodney was seriously injured in the accident. He filed a lawsuit in Mississippi state court against his father, doing business as Ashmore and Sons Trucking, seeking to recover damages for his personal injuries.

Prior to the accident, Canal Insurance Company had issued an insurance policy to Ashmore and Sons Trucking, covering the vehicle involved in the accident. After Rodney brought the state court action against his father and Ashmore and Sons Trucking, Canal brought this federal declaratory judgment action against Dale and Rodney Ashmore, seeking a declaration of its obligations under the policy. Canal asserted that certain policy exclusions apply, negating its obligation to provide a defense to the state lawsuit and precluding coverage for Rodney Ashmore's bodily injuries. The district court initially entered default judgments against both Dale and Rodney Ashmore. On appeal, we affirmed the default judgment against Dale Ashmore, but reversed and remanded for further proceedings on the claim against Rodney. See Canal Ins. Co. v. Ashmore, 61 F.3d 15, 17 (8th Cir. 1995).

On remand, Canal's claim against Rodney Ashmore was tried before the district court without a jury. The district court identified three issues pertinent to the question of whether coverage exists under the policy: (1) whether Rodney was an employee of Dale Ashmore at the time of the accident, (2) whether Rodney was driving the truck

2

with Dale's permission at the time of the accident, and (3) whether the policy's Occupant Hazard Exclusion is unenforceable as contrary to Arkansas public policy.

The district court exercised its equitable discretion to refrain from considering the first two factual issues -- whether Rodney was either an employee or the driver of the truck at the time of the accident -- out of deference to the concurrent Mississippi state court proceedings. Because these factual issues give rise to a possibility that coverage exists, the district court declared that Canal has a duty to defend Dale Ashmore in the Mississippi lawsuit.

As to the third issue -- the effect and validity of the Occupant Hazard Exclusion -- the district court found the following facts. Dale Ashmore applied through his insurance agent for a general liability insurance policy to cover a 1987 tractor trailer rig used by Ashmore and Sons Trucking. On the insurance application, Dale requested a combined single limit of $750,000 for bodily injury and property damage liability coverage and specifically rejected all uninsured motorist bodily injury and property damage coverage.

Based upon this application, Canal issued its "Basic Automobile Liability Policy," with attached endorsements to Dale Ashmore. The basic policy itself included an exclusion of coverage for bodily injury to any employee of the insured. The attached endorsements included an Occupant Hazard Exclusion (OHE), excluding coverage for bodily injury to any occupant of the vehicle. The OHE endorsement is printed in decidedly larger type than the policy and is on a separate page. The OHE endorsement specifically states that it is part of the policy to which it is attached, and it is referenced on the declarations page of the policy by a code, "E-4(ai)." (Appellant's A.P. at 433.) The insurance agent testified that Dale would not have understood this code. The OHE endorsement was not signed by Dale Ashmore and was not referenced on the insurance application he signed. Additionally, the insurance agent did not

3

remember discussing the OHE endorsement with Dale when negotiating the coverage.

The district court determined that the OHE was not part of Dale's policy. The district court concluded that the language of the insurance application required all exclusions to be included in that application and signed by the applicant in order to become part of the policy. Because the OHE was not referenced in the insurance application signed by Dale and was never specifically discussed or negotiated, the district court concluded that the OHE was not part of the policy and thus did not exclude bodily injury coverage for occupants of Dale's vehicle.

Canal appeals.

## II.

The parties are in agreement that Arkansas law applies in this diversity suit. We review de novo the district court's determination and interpretation of state law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

First, Canal argues that the district court erroneously determined that the OHE was not part of the policy.

"Under Arkansas law, insurance exclusions must be clearly stated and are strictly construed against the insurer." Columbia Ins. Co. v. Baker, 108 F.3d 148, 149 (8th Cir. 1997) (citing No land v. Farmers Ins. Co., 892 S.W.2d 271, 272 (Ark. 1995)). "It is also a long standing rule that, where the terms of the policy are clear and unambiguous, the policy language controls; and absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms." No land, 892 S.W.2d at 272.

4

In this case, the district court concluded that the OHE endorsement was not part of the insurance policy because it was neither referenced in the application nor signed by Dale Ashmore, the applicant. We know of no general legal authority requiring all policy exclusions to be referenced in an insurance application and to be signed by the applicant in order to become part of an insurance policy. Absent statutory authority to the contrary, Arkansas abides by the general rule that an insurance agent has no duty to advise an applicant of all aspects of coverage contained in an insurance policy. Scott-Huff Ins. Agency v. Sandusky, 887 S.W.2d 516, 517 (Ark. 1994). Cf. Smith v. Shelter Mut. Ins. Co., 937 S.W.2d 180, 182 (Ark. 1997) (noting that in 1984, the Arkansas Insurance Commissioner promulgated a requirement that driver-specific exclusion endorsements must contain the insured's signature to demonstrate acceptance of the restricted coverage). Arkansas places the duty on the policyholder to educate himself concerning his insurance coverage. Continental Cas. Co. v. Didier, 783 S.W.2d 29, 31 (Ark. 1990). Despite this general rule, the district court concluded that the specific language of the insurance application in this case required all exclusions to be referenced in the application and signed by the applicant.

We turn then to the plain language of the pertinent clause of the insurance application in this case. The application provided, "if a policy is issued pursuant to this application, the application and any restrictive and/or Exclusion Endorsement Text, which is included on the application and signed by me [the applicant], shall become part of the policy." (Appellant's Adden. at 28.) The district court interpreted this phrase to mean that an exclusion endorsement could become part of the policy "only" when it was specifically referenced in the application and signed by the applicant. (Id. at 14-15.)

Canal argues, and we agree, that the district court simply misread the plain language of this clause. As we read it, this clause merely ensures that any signed endorsements that are attached to the application will become part of the insurance policy. It does not go so far as to require that all exclusions must be signed and

attached to the application in order to become part of the policy. By reading the sentence in an overly restrictive manner, we believe that the district court went beyond the scope of the plain language and superimposed an unintended meaning on the clause.

We conclude that neither Arkansas law nor the language of the application requires every exclusion to be referenced in the application and signed by the applicant in order to become part of the insurance policy. Similarly, the insurance agent's failure to inform Dale Ashmore of the OHE endorsement does not preclude the endorsement from becoming part of the policy to which it was attached and in which it was specifically referenced by code. The district court erred by finding that the OHE endorsement was not part of Dale Ashmore's insurance policy.

Having determined that the OHE endorsement was in fact a part of the policy, we must determine the validity and effect of the exclusion under Arkansas law and public policy. Because the district court determined that the OHE was not part of the policy, it did not reach this issue. We may nevertheless consider the issue in the first instance, because deciding the validity of the OHE endorsement involves a purely legal question and requires no additional evidence.[2] See In re Young, 82 F.3d 1407, 1416 (8th Cir. 1996). While we would certainly respectfully appreciate and carefully consider the views of the experienced district judge with respect to the law and public policy of the state wherein he sits, it is not essential that we remand this case to permit those views to be expressed, particularly here where judicial economy, time, and our own ultimate de novo responsibility under Salve Regina are implicated.

---

[2]Rodney Ashmore chose not to address this issue in his brief, but in his brief and at oral argument, he requested the opportunity to supplement his brief if the court found it necessary to reach this issue. We decline to extend him a second chance to make the arguments that he should have made in his appellee's brief. Canal's opening brief squarely and thoroughly argued the issue, and at his own peril, Ashmore chose not to respond.

We have found no Arkansas case specifically addressing whether an OHE endorsement is valid under Arkansas law. Arkansas law provides that an insurance "policy will not be interpreted to bind the insurer to a risk which it plainly excluded and for which it was not paid." Hartford Fire Ins. v. Carolina Cas. Ins., 914 S.W.2d 324, 326 (Ark. Ct. A.P.. 1996). At the same time, however, "[i]nsurance contracts in Arkansas are read to include applicable statutory and public policy provisions in effect at the time the insurance policy is issued. These supersede any conflicting policy provisions." Nichols v. Anderson, 788 F.3d 1140, 1143 (5th Cir. 1986) (citing several Arkansas cases as examples). Therefore, an insurance policy endorsement is enforceable according to its terms unless those terms are "contrary to statute or public policy." Blue Cross & Blue Shield v. Hicky, 900 S.W.2d 598, 600 (Ark. Ct. A.P.. 1995) (citing Shelter Gen. Ins. Co. v. Williams, 867 S.W.2d 457 (Ark. 1993)). "The general rule is that a contract is against public policy if it is injurious to the interests of the public, or contravenes some established interest of society or some public statute, or is against good morals, or tends to interfere with the public welfare." Id.

Canal has brought to our attention a relevant state public policy which we believe limits the use of an OHE endorsement in common carrier insurance policies. Section 23-13-227 of the Arkansas Code provides the Arkansas Transportation Commission with authority to promulgate rules and regulations prescribing the amounts of insurance required for common carriers. Pursuant to this authority, the Commission promulgated Rule 13.1, which, at the time of the issuance of this policy and at the time of this accident, required common carriers of property by motor vehicle to carry $25,000 of coverage for bodily injury. (Appellant's A.P.. at 94.) The rule also prescribes an endorsement to be attached to all common carrier policies. (Id. at 99.) The form for this endorsement states, "nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions, by the assured, shall relieve the company from the liability hereunder or from the payment of such judgment." (Id.)

7

This rule evidences a state public policy that common carriers of property by motor vehicle must carry at least $25,000 of bodily injury coverage and that no other policy endorsement can exclude this coverage. While no courts have examined this rule with regard to an OHE endorsement, the Fifth Circuit, interpreting Arkansas law, has held that Rule 13.1 precludes the enforcement of a radius exclusion clause, which attempted to limit coverage to accidents occurring within 150 miles of where the vehicle was garaged. Nichols v. Anderson, 788 F.2d 1140, 1141, 1143 (5th Cir. 1986). We likewise determine that the OHE endorsement attached to Dale Ashmore's policy is void but only to the extent it is contrary to Arkansas's expressed public policy of a common carrier maintaining at least $25,000 in bodily injury coverage.

In a subsequent appeal of the Nichols case, after concluding in the first appeal that the radius exclusion was void as against Arkansas public policy expressed in Rule 13.1, the Fifth Circuit then held that the insurance company was only obligated for the amount of coverage required by that state policy, not for coverage up to the entire policy amount. No Arkansas cases address the issue, so we will follow the Fifth Circuit's reliance on general principles of contract construction. Applying these principles, the Fifth Circuit held that for amounts over and above the mandatory minimum coverage required by Arkansas law, the exclusion was not contrary to public policy. "[T]he clause is void only to the extent required to meet the public policy." Nichols v. Anderson, 837 F.2d 1372, 1376 (5th Cir. 1988). We agree. Accordingly, the OHE endorsement remains a valid exclusion as to amounts over the minimum $25,000 coverage required by Arkansas public policy at the time of the contract's formation and at the time of the accident.

Second, Canal argues that the district court abused its discretion by refusing to determine the factual issues of whether Rodney Ashmore was either the driver of the vehicle or an employee of Ashmore and Sons Trucking at the time of the accident.

8

The Declaratory Judgment Act confers upon federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 115 S. Ct. 2137, 2142 (1995). The Act "confers a discretion on the courts rather than an absolute right upon the litigant." Id. at 2143 (internal quotations omitted). In Wilton, the Supreme Court concluded that the district court had acted within the bounds of its discretion by staying a federal declaratory judgment action where a parallel state court proceeding presented an opportunity to ventilate the same state law issue. 115 S. Ct. at 2144; Horne v. Firemen's Retirement Sys. of St. Louis, 69 F.3d 233, 236 (8th Cir. 1995). A showing of exceptional circumstances was not necessary in that case, because "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 115 S. Ct. at 2143.

The district court in this case refrained from making determinative factual findings on whether Rodney was an employee or the driver of the vehicle, noting that the Mississippi state court is capable of making these findings and may need to make such findings in the specific context of Mississippi tort law. Quoting Wilton, the district court concluded that otherwise, it "would be engaging in the type of `gratuitous interference' with a parallel state court proceeding which was discussed, with disapproval, in Seven Falls, supra." (Appellant's Adden. at 10.) We cannot say that the district court abused its substantial discretion in this instance.

Finally, because the factual issues asserted in Canal's appeal will be adjudicated in the state court proceedings and not by the federal district court, we need not consider Canal's argument that the district court erred by not admitting a police report into evidence.

9

**III.**

Accordingly, we reverse the district court's legal conclusion that the OHE endorsement was not part of the insurance policy issued to Dale Ashmore, and we remand for entry of judgment in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

10