# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1978

_____

| | | |
|---|---|---|
| Shelter Mutual Insurance Company, | * | |
| | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| Tommy Maples; Bessie Maples, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| First National Bank of Berryville, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: October 24, 2002
Filed: November 7, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

In this diversity action, Tommy and Bessie Maples (Maples) appeal the district court's adverse grant of summary judgment in a declaratory judgment action brought by Shelter Mutual Insurance Company (Shelter). We reverse and remand for further consideration on the issue of causation.

## I. BACKGROUND

The parties stipulated to the following facts. While residing in Saudi Arabia, Maples contracted for the construction of a single-family retirement home in Arkansas. Maples purchased homeowner's insurance from Shelter, and a policy issued on November 24, 2000, was in full effect at all times relevant to the case. The two-story residence –which had a wooden frame and a basement made of concrete – was largely complete as of November 2000. Maples, who remained in Saudi Arabia, took reasonable precautions to winterize the residence by leaving a key with the contractor and asking him to winterize the residence. At some unknown time, a water pipe froze and burst, and between four to six inches of water stood continuously in the basement until the contractor discovered the problem in April 2001. While the standing water caused only minimal structural damage to the basement, the humidity from the standing water caused mold to form on all of the interior surfaces of the residence. As a result of the mold, the residence became uninhabitable, requiring demolition. Maples reported the loss to Shelter, and Shelter thereafter instituted this action to determine its duty to pay.

As relevant, the insurance policy provided:

PERILS WE INSURE AGAINST-SECTION I
We cover accidental direct physical loss to property covered under Dwelling and Other Structures Coverages except for losses excluded in this section.
. . .
Under Dwelling and Other Structures Coverages, we do not cover loss caused by:
1. wear and tear; marring or scratching; deterioration; inherent vice; latent defect; mechanical breakdown; rust; **mold**; wet or dry rot; contamination; smog, smoke from agricultural smudging or industrial operations; settling, cracking, shrinkage, bulging or expansion of pavement, patios, foundations, walls, floors, roofs, or ceilings; birds, vermin, rodents, insects or domestic animals. If, because of any of

these, water escapes from a plumbing, heating, or air conditioning system or domestic appliance, we cover loss caused by the water. We also cover the cost of tearing out and replacing any part of the covered building necessary to repair the system or appliance. We do cover loss to the system or appliance from which the water escapes. [Emphasis added.]

Upon the foregoing stipulated facts, the district court concluded that Shelter was entitled to summary judgment, reasoning that the policy language clearly provided that any loss due to mold was not covered.

## II.    DISCUSSION

This court reviews de novo the district court's grant of summary judgment, as well as its interpretation of Arkansas law. See Allstate Ins. Co. v. Burrough, 120 F.3d 834, 838 (8th Cir. 1997) (standard of review); Vandiver Food Stores, Inc. v. Ins. Co. of N. Am., 909 F. Supp. 618, 620 (E.D. Ark. 1995) (applying law of principal location of insured risk). Under Arkansas law, insurance policies are to be construed liberally in favor of the insured, and exclusionary language that is susceptible to more than one reasonable interpretation should be construed in favor of the insured. See Allstate Ins. Co., 120 F.3d at 838 (citing State Farm Fire & Cas. Co. v. Midgett, 892 S.W.2d 469, 471 (Ark. 1995); Noland v. Farmers Ins. Co., 892 S.W.2d 271, 272 (Ark. 1995)). The insurer bears the burden of proving as a matter of law that the insured's claim was excluded under the policy. See id. (citing Arkansas Farm Bureau Ins. Fed'n v. Ryman, 831 S.W.2d 133, 134-35 (Ark. 1992)).

Here, a covered peril, frozen pipes, caused an excluded peril, mold, which resulted in the loss. The district court concluded that the policy precluded coverage for mold damage regardless of its cause, relying on the following lead-in language from the policy:

> We do not cover loss:
> (a) resulting directly or indirectly from any of the following events;
> (b) which would not have occurred in the absence of any of the following events;
> (c) which occurs regardless of the cause of any of the following events; or
> (d) if loss occurs concurrently or in any sequence with any of the events.

We disagree with the court's reading of the policy, because we find this language leads into a list of ten specified items not including mold, while the mold-exclusion paragraph is separately numbered and follows the lead-in clause "[u]nder Dwelling and Other Structures Coverages, we do not cover loss caused by." Thus, the plain language of the policy does not automatically preclude coverage. Compare Cooper v. Am. Family Mut. Ins. Co., 184 F. Supp. 2d 960, 961-63 (D. Ariz. 2002) (no coverage for mold damage from plumbing leak where lead-in clause excluded losses regardless of any other contributing cause or event), with West v. Umialik Ins. Co., 8 P.3d 1135, 1137-41 (Alaska 2000) (settling of house from broken plumbing was covered loss, where no lead-in clause precluded coverage regardless of cause).

It appears to us, then, that the determinative question is a factual one: whether the frozen pipe or the mold was the dominant and efficient cause of the loss. See Lynch v. Travelers Indem. Co., 452 F.2d 1065, 1067 (8th Cir. 1972) (applying Arkansas law and finding sufficient a jury instruction on dominant, direct, and efficient cause of loss); 10 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE §§ 148:60, 148:61 (3d ed. 1998) (where covered and non-covered perils join to cause a loss, and the covered peril is the efficient and dominant cause, there is coverage under the policy); 11 COUCH ON INSURANCE § 153:96 (mold exclusions do not necessarily apply where "efficient proximate cause" of loss was a covered risk). Because the parties' factual stipulation does not answer this question, we conclude a material issue of fact remains, and summary judgment was improper.

## III. CONCLUSION

We remand for further fact finding regarding the dominant cause of Maples' loss. We note that a January 3, 2002 order indicates the parties waived trial and wished to submit the case on stipulated facts; thus, it may be proper for the district court to make factual findings on remand.

Accordingly, we reverse and remand for further consideration of the causation issue.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.