ARKANSAS BLUE CROSS & BLUE SHIELD, INC. *v.*
Paul FOERSTER

CA 91-340                                              832 S.W.2d 280

Court of Appeals of Arkansas
Division I
Opinion delivered June 3, 1992

*Matthews, Campbell & Rhoads, P.A.*, by: *George R. Rhoads*, for appellant.

*Jim Johnson* and *Tim Morris*, for appellee.

JUDITH ROGERS, Judge. Arkansas Blue Cross & Blue Shield appeals from a judgment in which it was held liable for the payment of medical expenses incurred by appellee, Paul Foerster, after the termination of his policy under a group plan of insurance. Presenting two issues for reversal, appellant contends that the trial court erred by not correcting an error of law made in a preliminary ruling, and that the court erred in ruling that coverage continued after the cancellation of the insurance con-

tract due to the non-payment of premiums. We agree with appellant's assertion that the policy does not extent coverage for expenses incurred after the termination of the policy. Therefore, we reverse.

In November of 1984, appellee's wife began working at Farmers and Merchants Bank in Rogers, Arkansas. As an employee, she was entitled to participate in a plan of group insurance offered by the bank under a policy issued by appellant. Appellee became an insured member of the plan by virtue of his wife's having selected the option of family coverage. In early April of 1985, appellee sustained a work-related injury to his back. Shortly thereafter, on May 16th, appellee's wife quit her job and obtained employment at another local bank. The insurance contract in this case provides that premiums were to be paid in advance on a monthly basis, and that the member's contract would terminate as of the last day of the month for which premiums had been collected. Since appellee's wife was no longer employed by the bank, her name was not included in the group billing statement for June, and consequently no premium was remitted. Thus, the last premium payment received by appellant on behalf of appellee was for the month of May. Also under the contract, members of the plan were afforded the privilege of continuing coverage as an individual subscriber upon the termination of employment, if application for conversion is made within thirty-one days. However, no application for conversion was requested in this case. According to the stated terms of the contract, the policy was terminated, effective June 1, 1985.

As noted previously, appellee injured his back in April, and he received treatment for this injury both before and after the policy was terminated. Initially, appellee's family physician recommended treatment at a physical therapy clinic and, in addition, appellee was also seen by a chiropractor. By August, when his condition had not improved, he was referred to a specialist, and that September, he underwent surgery for the repair of a herniated disc.

A dispute arose between the parties as to the extent of appellee's coverage under the policy, which eventually led to the filing of this lawsuit by appellee. The conflict primarily involved the question of appellant's liability for post-termination benefits.

Early on in the case, both parties moved for summary judgment. By order of June 1, 1987, the trial judge ruled that appellant continued to be liable for all medical expenses reasonably related to appellee's back injury, despite the cancellation of the contract, because the injury had occurred during the life of the policy. The trial judge also determined, however, that certain questions of fact remained, and those issues, which are not relevant here, were bound over for trial. A bench trial was held in July of 1989, at which time the court was presided over by a different judge. In a letter opinion, dated, April 2, 1991, the trial judge expressed the view that, based on his interpretation of the contract, he did not consider appellant liable for expenses related to the injury which were incurred after the termination of the contract. Nevertheless, he declined to depart from the previous judge's decision on that issue, and judgment was entered in favor of appellee in the sum of $7,039. Appellant then filed a motion for a new trial, asking the court to reconsider its decision not to alter the previous ruling on the question of post-termination liability. The motion was denied.

■■  The principal issue in this appeal is whether or not appellant is responsible for the payment of benefits for expenses incurred when the policy was no longer in effect. The courts that have dealt with this question have generally drawn a distinction between "medical expense" policies on one hand, as opposed to "accident" or "illness" insurance policies on the other. *Mote* v. *State Farm Mut. Auto. Ins. Co.*, 550 N.E.2d 1354 (Ind. Ct. App. 1990); *Ewalt* v. *Mereen-Johnson Machine Co.*, 414 N.W.2d 28 (S.D. 1987); *Auto-Owners Ins. Co.* v. *Blue Cross & Blue Shield*, 349 N.W.2d 238 (Mich. 1984); *Wulffenstein* v. *Deseret Mut. Benefit Ass'n.*, 611 P.2d 360 (Utah 1980); *Blue Cross of Florida, Inc.* v. *Dysart*, 340 So. 2d 970 (Fla. Dist. Ct. App. 1977); *Bartulis* v. *Metropolitan Life Ins. Co.*, 218 N.E.2d 225 (Ill. 1966). *See also* Annot., 66 A.L.R.3d 1205 (1975). This distinction is grounded on the differing risks these policies are intended to insure against. *Auto-Owners Ins. Co.* v. *Blue Cross & Blue Shield, supra.* It is said that if the policy is an accident or illness policy, the insured risk is considered the accident or illness itself. Conversely, if a policy provides coverage for expenses or charges, it is the incurring of expenses which is considered the contingency that gives rise to the insurer's liability. *See Wulffenstein* v. *Deseret Mut. Benefit. Ass'n, supra.* Thus, when an insurance

policy insures against accidental injury, the insured's right to receive benefits is considered "vested" upon the occurrence of the accident, and termination of the insurance policy does not affect the insurer's liability or its duty to pay benefits for related medical expenses incurred after the termination of the policy. *Mote* v. *State Farm Mut. Auto. Ins. Co., supra.* However, when a policy insures against the incurrence of medical expenses, the benefits cease when the policy is terminated and the insurer is not responsible for expenses which arise after termination. *Id*; *Ewalt* v. *Mereen-Johnson Machine Co., supra.* Ultimately, the result in these cases depends on the construction of the particular insurance policy in question.

█ Here, the policy is referred to as a "Comprehensive Major Medical Contract." It includes the following pertinent terms:

ARTICLE XII. OTHER PROVISIONS

. . . .

D. The premium rates initially effective shall be shown in the Group Master Contract, *and continuance of coverage hereunder shall be contingent upon the receipt of the premiums* by the Plan at the Home Office of the Plan in Little Rock, Arkansas.

I. Upon termination of employment you may continue coverage as an individual subscriber. To do this you must apply to us within 31 days of termination. Upon conversion rates and benefits may be substantially different. *If you fail to convert, all benefits shall cease as of the last day for which premiums have been collected.*

. . .

M. *Upon termination of this contract, all benefits, except charges incurred prior to termination, shall cease.*

Further reading of the policy discloses that coverage is described in terms of "expenses," "charges," and "services," such that it is evident that the insured risk was the *expense* related to treatment that is received, and not the underlying accident or a described illness. Based on the above-quoted provisions, it is also apparent that continuing coverage is contingent upon the payment of

premiums, and that the entitlement to benefits ceases in the event that the policy is terminated when premiums are not paid. All of these considerations lead us to the conclusion that appellant is not responsible for the payment of benefits for medical expenses incurred after the policy was canceled. As the Florida Appellate Court said in *Blue Cross of Florida, Inc.* v. *Dysart, supra*:

> We think the trial court erred. While the court's rationale may, in proper instances, be applicable to an accident and health policy, it is not applicable to hospitalization and medical expense policies which afford benefits only during the time of coverage. Here, coverage was provided to the plaintiff as a Blue Cross/Blue Shield group subscriber. Continuation of that coverage was to be furnished in consideration of payment in advance of the rates applicable for the type and extent of coverage specified in the contract. Thus, it appears that coverage, to be effective, is dependent upon continued payment of premiums by the subscriber. It seems, therefore, axiomatic that upon termination of the contracts and cessation of premium payments the only coverage available is that stipulated in the contracts. We note the lack of any stipulated posttermination benefits in the contract in this case.

*Dysart*, 340 So. 2d at 972.

In support of the judgment, appellee makes the argument that the language of the policy is ambiguous and that the terms should be strictly construed so as to provide coverage. We discern no ambiguity, however. We think that the language of the policy is unmistakably clear that liability is predicated on the incurrence of expenses, and that the express terms of the contract dictate that liability for such expenses cease upon the termination of the contract. Therefore, it is unnecessary to resort to the rules of construction and the policy will not be interpreted to bind the insurer to a risk that it plainly excluded and for which it was not paid. *Baskette* v. *Union Life Ins. Co.*, 9 Ark. App. 34, 652 S.W.2d 635 (1983). Appellee also advances the argument that the termination of the policy was ineffective in that appellant did not give notice of the cancellation. However, the policy contains no provision mandating that members be given notice of the termi-

nation of the contract. Consequently, notice was not required. *See Clapp* v. *Sun Life Assurance Co.*, 204 Ark. 672, 163 S.W.2d 537 (1942).

In sum, based upon our review of the record and the insurance policy in this case, we hold that appellant is not liable for posttermination benefits. Because reversal is required on this point, we need not address appellant's alternative ground for reversal of the judgment.

Reversed.

JENNINGS, J., agrees.

COOPER, J., concurs in the result.