Bertha ROWLAND, Individually and as Administratrix of the Estate of Joyce Blankenship *v.* Charles FAULKENBURY

CA 93-1031                                   883 S.W.2d 848

Court of Appeals of Arkansas
Division II
Opinion delivered September 28, 1994

*Sam Sexton, III*, for appellants

*Susan A. Fox*, for appellee.

JAMES R. COOPER, Judge. The decedent in this life insurance case, Joyce Blankenship, was murdered on November 20, 1990. At the time of her death she had in force a policy issued by John Hancock Mutual Life Insurance Company which desig-

nated James Guss, her son, as beneficiary of 75 percent of the proceeds, and the appellee, Charles Faulkenbury, as beneficiary of 25 percent of the proceeds. Mr. Guss assigned a portion of his expected proceeds from the policy to Callison-Lough Funeral Service. In September 1991, Mr. Guss was convicted of murdering the insured, and was therefore disqualified from receiving policy proceeds. The appellee, Charles Faulkenbury, subsequently brought this declaratory judgment action to determine entitlement to the proceeds. Interpleader defendants in the action were the appellee; the appellants, Bertha Rowland, the mother of Ms. Blankenship, individually and as administratrix of Ms. Blankenship's estate; and Callison-Lough Funeral Service. At issue in the proceedings was whether the 75 percent of the proceeds, which Mr. Guss was disqualified from receiving as a result of having murdered the insured, was distributable to appellee as the only other named beneficiary or to the appellant, in her individual capacity, as the nearest surviving relative of the insured. The trial judge granted summary judgment to the appellee. From that decision, comes this appeal.

For reversal, the appellants contend that the trial court erred in entering summary judgment for the appellee because the beneficiary designation form in the policy was ambiguous, and that the trial court erred in finding that Callison-Lough Funeral Service had no valid claim to a share in the proceeds based on the assignment of benefits by James Guss. We affirm.

We first address the appellants' argument that the trial court erred in finding that the beneficiary designation provisions of the policy were not ambiguous. The beneficiary designation form provided, in pertinent part, that:

> If more than one beneficiary is named, the death benefit, unless otherwise provided herein, will be paid in equal shares to the designated beneficiaries who survive the associate; if no such beneficiary survives the associate, or if no beneficiary is named, payment will be made to the first survivor(s) in the following order:
>
> 1. Widow or Widower
> 2. Children in Equal Shares
> 3. Parents in Equal Shares

. . . .

The appellants argue on appeal that the word "such" in the phrase "if no such beneficiary survives the associate" must be interpreted as an "equally sharing" beneficiary, and that the trial court's interpretation of the form is not in accordance with the general provision of the insurance contract relating to facility of payment, which provides that:

If, with respect to any amount of insurance payable at your death,

(1) no beneficiary designation is in effect, or

(2) no designated beneficiary is then living,

the John Hancock may, at its option, pay such amount to your estate or to any one or more of the following who survive you:

(A) your wife or husband;

(B) your children, including adopted or stepchildren;

(C) your mother or father;

(D) your brothers or sisters.

The initial determination of whether a contract is ambiguous rests with the court, and when a contract is unambiguous, its construction is a question of law for the court. *Moore v. Columbia Mut. Casualty Ins. Co.*, 36 Ark. App. 226, 228, 821 S.W.2d 59 (1991). In *Spencer v. Floyd*, 30 Ark. App. 230, 785 S.W.2d 60 (1990), we stated that:

Under Arkansas law, provisions in insurance policies as to beneficiaries are in the nature of a last will and testament, and as such, these provisions are to be construed in accordance with the rules applicable to the construction of wills. *American Foundation Life Ins. Co. v. Wampler*, 254 Ark. 983, 497 S.W.2d 656 (1973). The cardinal rule for the interpretation of wills or other testamentary documents is that the intent of the testator should be ascertained from the instrument itself and effect given to that intent. *Ware v. Green*, 286 Ark. 268, 691 S.W.2d 167 (1985). The purpose of construing a will or testamentary document is to arrive

at the testator's intention, but that intention is not that which existed in his mind, but that which is expressed by the language of the instrument. *Mills Heirs* v. *Wylie*, 250 Ark. 703, 466 S.W.2d 937 (1971).

30 Ark. App. at 237.

■ We agree with the trial court that the beneficiary designation form clearly provides that the insured's family or estate collects the proceeds only if no designated (or named) beneficiary survives the insured, or if the insured has failed to designate (or name) a beneficiary. The facility of payment provision of the contract, which provides that John Hancock may pay proceeds to the heirs-at-law if "no beneficiary designation is in effect," or if "no designated beneficiary is then living," lends support to this construction of the form. Furthermore, this construction recognizes the donative and testamentary character of the beneficiary provisions, and effects Ms. Blankenship's intent that is expressed by the language of the beneficiary provisions. The appellee was not a member of her family, and she clearly elected for him to receive proceeds that otherwise might have gone to the eligible members of her family. We hold that the trial court did not err in entering summary judgment for the appellee on this point.

The appellants also argue that the trial court erred in dismissing the claim of Callison-Lough Funeral Service on the assignment executed by Mr. Guss. They first contend that Mr. Guss' disqualification as a beneficiary should not disqualify Callison-Lough's claim because Callison-Lough's recovery on the assignment would not benefit Mr. Guss but would benefit the insured's estate. We do not agree.

■■ The willful, unlawful and felonious killing of the assured by the person named as beneficiary in a life policy forfeits all rights of such person therein. *Metropolitan Life Ins. Co.* v. *Shane*, 98 Ark. 132, 138, 135 S.W. 836 (1911); *Spencer* v. *Floyd*, 30 Ark. App. 230, 232, 785 S.W.2d 60 (1990). Therefore, Mr. Guss had no interest and could not, in law, convey any interest to Callison-Lough. Moreover, the insurance policy itself prohibited such an assignment without John Hancock's approval, and there is no evidence in the record that such approval was requested or granted.

■ The appellants further contend that the trial court erred in granting summary judgment because there was a genuine issue of fact as to whether appellee should be estopped to deny the validity of the assignment. However, public policy would be violated by allowing life insurance proceeds to satisfy a debt owed by Mr. Guss, and, as noted earlier, the assignment was ineffectual.

■■ Moreover, even when the facts are viewed in the light most favorable to the appellants, the appellants have failed to present a genuine issue of fact in regards to estoppel. The four elements of estoppel are: (1) the party to be estopped must know the facts; (2) one must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has the right to believe the other party so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct. *Askew Trust* v. *Hopkins*, 15 Ark. App. 19, 688 S.W.2d 316 (1985). Clearly, the appellee was not a party to the assignment, and the appellants presented no evidence to put in issue the four elements of estoppel that are outlined in *Askew Trust* v. *Hopkins*, 15 Ark. App. 19, 24, 688 S.W.2d 316 (1985).

Affirmed.

ROBBINS and ROGERS, JJ., agree.