HARTFORD FIRE INSURANCE COMPANY and NSL,
Inc. *v*. CAROLINA CASUALTY INSURANCE
COMPANY, William E. Stanley, and Lubin Wesley Capps

CA 94-1248                                      914 S.W.2d 324

Court of Appeals of Arkansas
Division II
Opinion delivered February 7, 1996

36

*Anderson & Kilpatrick*, by: *Mariam T. Hopkins*, for appellants.

*Crisp, Jordan & Boyd, L.L.P.*, by: *J. David Crisp* and *Randall D. Goodwin*, for appellee Carolina Cas. Ins. Co.

JOHN F. STROUD, JR., Judge. Hartford Fire Insurance Company and NSL, Inc., appeal from a declaratory judgment in favor of appellees, Carolina Casualty Insurance Company, William E. Stanley, and Lubin Wesley Capps.

William E. Stanley is a truck driver who owns and operates his own tractor and trailer. Stanley leased his tractor and trailer to NSL, Inc., an interstate motor carrier licensed by the Interstate Commerce Commission (ICC). Under the terms of the lease, Stanley operated his tractor and trailer as a carrier in interstate commerce under NSL's ICC authority and displayed the placard of NSL. NSL provided Stanley with public liability insurance on the tractor and trailer through a policy issued by Hartford Fire Insurance Company. As required under the lease terms, Stanley maintained a public liability insurance policy on the tractor through Carolina Casualty Insurance Company which provided coverage when the tractor was not operated in the service of NSL.

On May 1 and 2, 1990, Stanley hauled a load of steel on behalf of NSL from Portage, Indiana, to a location in Muskogee, Oklahoma. During his trip from Portage to Muskogee, Stanley noticed that his trailer had a problem with the equalizer valve affecting his airbag leveling system. After unloading the steel in Muskogee, Stanley contacted NSL's dispatcher for instructions on his next load and was told to proceed to Russellville, Arkansas, and to call upon arrival for load information. Stanley complied with the instructions.

Upon his arrival in Russellville, Stanley took the truck and trailer to Russellville Truck Center for repairs. Lubin Wesley Capps, a mechanic at Russellville Truck Center, made the repairs while the trailer was still attached to the tractor. Capps was allegedly injured when Stanley started the tractor while Capps was underneath the trailer performing repairs. Capps filed suit against Stanley and NSL in the Circuit Court of Conway County, Arkansas, alleging that he is entitled to damages for injuries received as a result of Stanley's negligence.

Stanley hired Jeff Mobley to represent him in the Conway County suit. He made a demand to Hartford to provide him a defense and indemnification in the Conway County suit pursuant to the liability insurance policy procured by NSL, but Hart-

ford refused. Stanley also made a demand to Carolina to provide him a defense and indemnification in the Conway County suit pursuant to the liability policy issued to him. Carolina provided Stanley a defense under a full reservation of rights and commenced this action seeking a declaratory judgment that the Carolina insurance policy does not provide coverage for the Capps accident and that Carolina has no duty to defend or indemnify Stanley in the Conway County suit. Hartford and NSL intervened seeking a declaration that the Hartford policy does not apply because Stanley was not under dispatch or in the business of NSL at the time of the accident.

The trial court ruled that Carolina has no duty to defend or indemnify Stanley in the Conway County suit because two separate exclusions apply. The court found that coverage is excluded under the policy for all accidents occurring when a trailer is attached to the tractor. As an alternate and independent basis for its decision, the trial court found that Stanley was using the tractor and trailer in the business of NSL at the time of the accident and that the Carolina policy excludes coverage whenever the truck is being used in the business or under the direction of any person or organization to whom the truck is rented or leased. The trial court also found that the Hartford policy provided coverage for Stanley and ordered Hartford to defend Stanley in the Conway County suit, to indemnify Stanley for any sums for which he is ultimately held liable up to the policy limits, and to pay all reasonable attorney's fees previously incurred by both Carolina and Jeff Mobley in defending the suit by Capps.

Hartford and NSL appeal the judgment asserting that the trial court erred in finding that the Hartford policy applied and that the Carolina policy did not. Hartford also appeals the trial court's award of attorney's fees to both Mobley and Carolina. Neither Stanley nor Capps has appealed the judgment in favor of Carolina.

■ We first consider Hartford's contention that the trial court erred in finding that its policy afforded coverage for this accident. Appellants did not abstract any exclusions that would contravene the trial court's finding that the Hartford policy provided coverage. In fact, the only portions of the Hartford insurance policy abstracted are those that afford coverage. It is well-

settled in this state that the record on appeal is confined to that which is abstracted. *Mahan* v. *Hall*, 320 Ark. 473, 897 S.W.2d 571 (1995). Thus, on the record before us, we cannot conclude that the trial court erred in finding that the Hartford policy afforded coverage for this accident.

Thus, only two issues remain: (1) whether the trial court erred in holding that the policy issued by Carolina excluded coverage for the Capps accident; and (2) whether the trial court erred in ordering Hartford to reimburse Carolina for expenses it incurred in defending Stanley and to reimburse Stanley for attorney's fees incurred when Stanley hired an independent attorney to defend him in the Conway County lawsuit. We hold that the trial court was correct in finding that the Carolina policy excluded coverage for the Capps accident but remand the case to the trial court to conduct a hearing to determine the amount of attorney's fees for which Hartford is liable.

On the first remaining issue, appellants argue that the trial court erred in ruling that the Carolina policy excluded coverage of the Capps accident. A clause in the Carolina policy contains the following exclusions:

> It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, Property Damage Liability, Uninsured Motorist Coverage and Personal Injury Protection Coverage does not apply:
>
> . . . .
>
> (c) while the truck is being used in the business or under the direction of any person or organization to whom the truck is rented or leased;
>
> (d) while a trailer or semi-trailer is attached to any truck described above.

Appellants argue that part (d) is ambiguous and is not effective to preclude coverage in this case. They also argue that part (c) does not apply because the truck was not being used in the business of NSL at the time of the accident.

The initial determination of whether a contract is ambiguous rests with the court, and when a contract is unambig-

uous, its construction is a question of law for the court. *Rowland v. Faulkenbury*, 47 Ark. App. 12, 883 S.W.2d 848 (1994). If there is doubt or uncertainty as to the meaning of an insurance policy, and it is fairly susceptible to two interpretations, one favorable to the insured and one favorable to the insurer, the former must be adopted. *Arkansas Farm Bureau Ins. Fed'n v. Ryman*, 309 Ark. 283, 831 S.W.2d 133 (1992). The provisions contained in an insurance policy must be construed most strongly against the insurance company that prepared it, and if a reasonable construction may be given to the contract which would justify recovery, it is the duty of the court to do so. *Id.* However, when the terms of an insurance contract are not ambiguous, it is unnecessary to resort to the rules of construction, and the policy will not be interpreted to bind the insurer to a risk which it plainly excluded and for which it was not paid. *Arkansas Blue Cross & Blue Shield v. Foerster*, 38 Ark. App. 228, 832 S.W.2d 280 (1992).

■ The trial court found that "[p]rovision (d) of the endorsement for Non-Trucking Use (Limited) (Bobtail) to the Carolina policy is clear and unambiguous." We agree with this finding. Appellants' assertion that "truck described above" creates an ambiguity is simply not supported by a review of the contract. The exclusionary provision must be read in light of the entire policy and the whole policy construed so that all of its parts harmonize if that is at all possible. *See Pate v. U.S. Fidelity & Guar. Co.*, 14 Ark. App. 133, 685 S.W.2d 530 (1985). When the various provisions of the Carolina policy are read as a whole, we hold that the exclusion relied upon by the appellees and the trial court is clear and unambiguous. The exclusion applies whenever a trailer is attached to the tractor insured under the policy.

It was admitted by all parties that the trailer was attached to the tractor at the time the accident occurred. Therefore, the Carolina policy excludes coverage for the accident. Because we hold that coverage was excluded by the Carolina policy under provision (d) of the exclusionary clause set forth above, we need not address appellant's argument with respect to the exclusion under subsection (c).

Appellant's last point is that the trial court erred in order-

ing Hartford to reimburse both Carolina and Stanley for attorney's fees incurred in the Conway County lawsuit. They assert that it was error for the court to order them to reimburse Carolina because it neither pled nor proved a claim for indemnification. They also contend that it was error for the trial court to order them to reimburse Stanley for amounts he paid to Jeff Mobley because he was being afforded a defense by Carolina. We disagree with both contentions and affirm the trial court's holding.

Even though Carolina did not specifically request reimbursement of the attorney's fees it had expended on behalf of Stanley, ample evidence was introduced by the litigants for the trial court to treat the issue as being tried by the express or implied consent of the parties. The trial court found that the Hartford policy obligated Hartford to defend Stanley in the Conway County suit, and Hartford has not presented any evidence or convincing arguments for reversal of that finding. Under Arkansas Rule of Civil Procedure 15(b), issues tried by the implied or express consent of the parties must be treated in all respects as if they had been raised by the pleadings. Thus, it was not error for the trial court to treat the issue as having been properly raised.

The trial court found that, under the terms of the policy, "Hartford has a duty to pay all reasonable attorney fees previously incurred in defending Stanley in the Conway County suit, including the attorney's fees of Jeff Mobley." Appellants contend that there is no authority under Arkansas law which would require it to pay two sets of attorney's fees for defending the underlying suit. However, Hartford concedes that the insured is entitled to recover a reasonable attorney's fee when an insurance company owes a defense but has denied coverage and refused to provide a defense. Whether Hartford is liable for both the attorney's fees paid by Carolina and those incurred by Stanley depends on whether the fees incurred were reasonable.

Certainly, it would be error for the trial court to require Hartford to pay two sets of attorney's fees if one attorney would have sufficed. The trial court should award Jeff Mobley's fees for services deemed necessary before a defense was afforded by Carolina. There is insufficient evidence in the record

for us to determine whether the trial court made a determination as to which portion of the attorney's fees incurred was reasonable. Therefore, we must remand for further proceedings consistent with this opinion.

█ Appellee Carolina Casualty Insurance Company has also filed a motion for reimbursement of the cost of preparing a supplemental abstract in this case pursuant to Ark. Sup. Ct. R. 4-2(b). We agree that a portion of the supplemental abstract was necessary to remedy deficiencies in the appellant's abstract. Accordingly, we award Carolina $400.

Affirmed in part; remanded in part.

COOPER and GRIFFEN, JJ., agree.