# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4250

_____

| | | |
|---|---|---|
| Donald D. Kessler, et al., individually and on behalf of all others similarly situated, | * * * * | |
| Appellants, | * * | |
| v. | * * | |
| National Enterprises, Inc.; Arkansas No. 1 LCC, | * * * | Appeals from the United States District Court for the Western District of Arkansas. |
| Appellees/Cross - Appellants, | * * | |
| v. | * * | |
| Lake Hamilton Resort, | * * | |
| Cross - Appellee. | * | |

_____

Submitted: January 14, 2000

Filed: February 9, 2000

_____

Before BOWMAN and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Resort condominium owners sued their developer's successor-in-interest, National Enterprises, Inc. ("NEI"), because the new owner of an adjacent hotel was denying access to the condominium properties, and was refusing to provide utilities, parking, and other amenities. NEI removed the action to federal court and filed a third-party complaint against the hotel owner, Lake Hamilton Resort, Inc. ("Lake Hamilton"), to enforce a license agreement between the original developer and the prior owner of the hotel.

In August 1997, the district court dismissed the third party complaint, concluding NEI's claims based upon the license agreement were foreclosed by an earlier adverse state court judgment, and its remaining tort claims were time-barred. In December 1997, the district court upheld an NEI threshold defense and granted summary judgment against the condominium owners. The court entered final judgment. Plaintiffs appealed, but NEI did not cross-appeal the earlier dismissal of Lake Hamilton. We reversed and remanded. See Kessler v. National Enter., Inc., 165 F.3d 596 (8th Cir. 1999). On remand, the district court took up the merits of the condominium owners' claims and again entered summary judgment in favor of NEI. Plaintiffs again appeal. This time, NEI has filed a cross-appeal against Lake Hamilton, challenging the August 1997 dismissal order. Lake Hamilton moves to dismiss the cross-appeal. We grant that motion.

The general rule is that, "where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." Northwestern Ind. Tel. Co. v. FCC, 872 F.2d 465, 470 (D.C. Cir. 1989), cert. denied, 493 U.S. 1035 (1990). The rule has strong underpinnings; indeed, we even apply it to criminal appeals. See United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995). But the rule is prudential, not jurisdictional. It calls for the exercise of an appellate court's sound discretion. Of relevance here, appellate courts should not enforce the rule punitively against appellees, because that would motivate appellees to

raise every possible alternative ground and to file every conceivable protective cross-appeal, thereby needlessly increasing the scope and complexity of initial appeals. See Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 740-41 (D.C. Cir.), cert. denied, 516 U.S. 865 (1995).

In this case, the dismissal of a third-party claim was the issue not preserved in the first appeal. That is strong reason to invoke the general rule. The August 1997 order resolved all claims against Lake Hamilton. The district court could have immediately entered final judgment dismissing Lake Hamilton with a Rule 54(b) determination of no just reason for delay. Had that been done, and had NEI failed to appeal the separate judgment, Lake Hamilton would unquestionably be out of the case. Instead, matters proceeded to final judgment some months later, and plaintiffs appealed. When NEI failed to cross-appeal the August 1997 order, Lake Hamilton did not participate in the first appeal. When NEI failed to attempt to revive its third-party claim on remand, Lake Hamilton did not participate in those proceedings. Only now, more than two years later, does NEI seek to drag Lake Hamilton back into the case. NEI presents no reason why justice requires that we overlook its long silence, such as a change in the applicable law. Lake Hamilton has a strong and justifiable interest in repose, particularly because the district court's reasons for the August 1997 order -- res judicata and the statute of limitations -- are based upon the policies favoring repose. We conclude NEI waived its right to appeal the August 1997 order.

Accordingly, NEI's cross-appeal is dismissed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-