# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————————

No. 00-2403

————————————

Donald Sweat, Rev.; Albert Krantz;   *
Ron Decker,                          *
                                     *
            Appellants,              *     Appeal from the United States
                                     *     District Court for the
      v.                             *     Western District of Arkansas.
                                     *
City of Fort Smith, Arkansas; City   *
of Van Buren, Arkansas; City of      *
Alma, Arkansas,                      *
                                     *
            Appellees.               *

————————————

Submitted: March 15, 2001
Filed: September 11, 2001

————————————

Before HANSEN and HEANEY, Circuit Judges, and BATTEY,[1] District Judge.

————————————

HANSEN, Circuit Judge.

This case arose out of a constitutional challenge to certain ordinances enacted by the defendant municipalities. This is the second time this case has been before our

————————————

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

court.  In the first appeal, we determined that the challenged ordinances were unconstitutionally overbroad.  See Krantz v. City of Fort Smith, 160 F.3d 1214, 1222 (8th Cir. 1998), cert. denied, 527 U.S. 1037 (1999).  In this appeal, Donald Sweat, Albert Krantz, and Ron Decker challenge the district court's[2] refusal to certify a class for purposes of their 42 U.S.C. § 1983 claims for money damages arising out of arrests and threats of arrest under the unconstitutional municipal ordinances.  We affirm.

I.

This case was originally brought in June of 1995 as two actions by the Congregation of the Twentieth Century Holiness Tabernacle Church against the municipalities of Alma, Dyer, Fort Smith, and Van Buren, Arkansas.  The complaints, signed by over 200 church members acting pro se, asserted that the municipalities violated the complainants' First Amendment free speech rights by arresting them or threatening legal action pursuant to certain municipal ordinances, which prohibited them from placing religious literature under the windshield wipers of unattended vehicles parked on  public property.  The complaints sought monetary and injunctive relief.  The cases were consolidated, the district court determined that the Church lacked standing to proceed, but that individuals who were actually arrested or those who were threatened with or reasonably feared legal action had standing to participate in the suit.  Because of the number of individuals involved, and as an alternative to dismissing the suit, the district court directed those wanting to be involved in the law suit to file an amended class action complaint in accordance with Federal Rule of Civil Procedure 23, describing three classes of plaintiffs–those arrested, those threatened with legal action, and those refraining from protected activity out of fear–and identifying one individual designated as the class representative for each group.

---

[2]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

2

On December 15, 1995, three individuals (Donald Sweat, Albert Krantz, and Ron Decker) filed an amended complaint "for themselves and all other members of the class herein described." (Appellants' App. at 90.) Contrary to the district court's recasting order, however, this complaint did not specify the three groups identified by the district court and did not identify a class member from each group designated as its representative as required by the district court. The complaint sought declaratory and injunctive relief, asserting that the ordinances are unconstitutionally overbroad. The complaint also sought damages, stating that the plaintiffs had incurred costs of over $125,000 due to arrests under the ordinances at issue and praying for $8,875,000 in total damages for the plaintiffs "themselves and other members of the class." (Id. at 98.)

The plaintiffs then moved for class certification, identifying Albert Krantz as the representative of the group of plaintiffs who had been arrested, Ron Decker as the representative of the group that had been threatened with arrest, and Donald Sweat as the representative of the group of plaintiffs who wanted to distribute religious literature but refrained from doing so out of fear of arrest. The concluding paragraph of the motion for certification states that the "[p]laintiffs respectfully request that the Court certify this class action for the purposes of declaratory and injunctive relief." (Fort Smith's App. at 75 (emphasis added).) No request was made for the certification of a class seeking § 1983 damages for the alleged constitutional violations, and no such class was ever certified. The district court entered an order on May 21, 1996, noting that "[w]hile plaintiffs assert that their 'primary goal' is injunctive relief, the Court may not simply overlook the fact that plaintiffs have pled § 1983 civil rights violations and seek the recovery of damages." (Appellants' Add. at 14.) Ultimately, after considering the factors relevant to class certification, the district court granted class certification on the "constitutional claims" but denied class certification on "plaintiffs' claims pursuant to 42 U.S.C. §1983." (Id. at 19.) The district court stayed the § 1983 civil rights damages claims of the three individually named plaintiffs pending determination of the constitutional overbreadth issue. The plaintiffs filed no objections to or motions to

3

reconsider the May 21, 1996, order concerning class certification. Instead, they filed an amended complaint and moved for declaratory judgment.

Upon concluding that the ordinances were constitutional, the district court denied declaratory relief to the class plaintiffs, granted the municipalities' motions for summary judgment, and dismissed the case. The class plaintiffs appealed, and we reversed the district court's judgment on the constitutionality issue. We held that the ordinances were unconstitutionally overbroad and facially invalid because they were "not narrowly tailored to serve the governmental purpose asserted by defendants." Krantz, 160 F.3d at 1222. On remand, consistent with our directive, the district court entered declaratory and injunctive relief in favor of the certified class plaintiffs, enjoining the municipalities from enforcing the unconstitutional ordinances.

Further, by an order dated April 26, 2000, the district court granted in part the municipalities' motions for summary judgment on the pending § 1983 money damages claims of the named individual plaintiffs. Sweat, Decker, and Krantz resisted summary judgment and sought to assert the damages claims of other individuals, arguing that the language used in orders subsequent to the class action ruling indicated that the court had really intended to grant class action status for the entire § 1983 claim, including the claims for money damages and not only on the claim for declaratory and injunctive relief. The district court disagreed, noting that the then four-year-old class certification order had explicitly denied class certification for the § 1983 damages claims. The district court additionally noted that the plaintiffs had not appealed that determination in their first appeal and even now had not asked the district court to reconsider the earlier ruling.

The district court then dismissed the claims for punitive damages and went on to examine the allegations of proof in support of each of the three named plaintiff's § 1983 damages claim. Ultimately, the district court granted partial summary judgment to the municipalities, permitting some of the individual damages claims to proceed to

trial. A settlement disposed of those remaining damages claims, and on May 1, 2000, the district court dismissed the case. Following the dismissal order, on May 10, 2000, Sweat, Decker, and Krantz sought leave to file an amended complaint, seeking to add additional plaintiffs to the suit on the claim for damages, but they filed their notice of appeal on May 24, 2000, before the district court could rule on the motion, and on July 12, 2000, the district court denied their motion for leave to file an amended complaint as moot.

Sweat, Decker, and Krantz (the appellants) argue on appeal that the district court erroneously refused to certify a class on the § 1983 claims for money damages, erroneously reinterpreted that order in the order dated April 26, 2000, and erroneously refused to grant their motion for leave to amend the complaint to name additional plaintiffs.

II.

We first consider the appellants' assertion that we should review the district court's order of May 21, 1996, dealing with class action certification. We conclude that the appellants have waived this issue by not raising it in a more timely fashion. The appellants neither sought timely clarification of the May 1996 class certification order nor did they bring a timely challenge on appeal. In their first appeal, the only issues raised concerned the constitutionality of the ordinances. At that juncture, however, a final order had issued in the case, and as explained below, the appellants were duty bound to raise or waive all existing appealable issues.

We have said that claims not raised in an initial appeal brief are waived. Mahaney v. Warren County, 206 F.3d 770, 771 n.2 (8th Cir. 2000). "The general rule is that, 'where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.'" Kessler v. Nat'l Enters., Inc., 203 F.3d 1058, 1059 (8th Cir. 2000) (quoting

5

Northwestern Ind. Tel. Co. v. FCC, 872 F.2d 465, 470 (D.C. Cir. 1989), cert. denied, 493 U.S. 1035 (1980)); see also United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (noting even in the criminal context that "[w]here a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter"). We recognize that this rule is prudential, not jurisdictional, Kessler, 203 F.3d at 1059, but we see no reason here to depart from the general rule. If the appellants were confused about the implications of the certification order, that confusion would have been evident immediately upon reading the order because it quite clearly denies class certification to the "plaintiffs' claims pursuant to 42 U.S.C. § 1983." (Appellants' Add. at 19.) The appellants should have inquired of the district court at that time if they were genuinely confused about which issues were denied class certification. Instead, they failed to seek clarification, failed to raise the issue in their first appeal, and attempted to challenge the order for the first time some four years later. We thus conclude that the appellants waived the issue, and consequently, we will not review the correctness of the May 21, 1996, class certification order. We will review only the order entered on April 26, 2000, which was timely appealed following the final disposition of this case on remand.

The appellants next argue that in the order of April 26, 2000, the district court's conclusion that class certification had not been granted on the damages claim is an erroneous reinterpretation of the ambiguously worded May 1996 class certification ruling. The appellants argue that the original ruling was ambiguous because it purported to grant class certification on the "constitutional claims" but to deny class certification on the "§ 1983 claims," which is an internally inconsistent result because a constitutional claim can only be remedied through a § 1983 claim; they are one in the same. See Bishop v. Tice, 622 F.2d 349, 356 n.12 (8th Cir. 1980) (noting Eighth Circuit precedent holding that § 1983 is an exclusive remedy for constitutional violations committed by municipalities). The appellants assert that until the ruling on April 26, 2000, they had understood that the damages claims were simply bifurcated

from the issue of liability and stayed pending resolution of the liability phase of trial.

While we acknowledge that the district court's certification order of May 21, 1996, could have been written with more precise language, its meaning is unmistakable and the appellants' attempt to confuse matters is disingenuous. The context and body of the certification order plainly indicate that the district court's shorthand phrase of "the constitutional claims" referred to the injunctive and declaratory claims for relief (i.e., the overbreadth challenge to the ordinances) and the phrase, "the § 1983 claims," referred to the claims for individual damages resulting from civil rights violations. The district court first drew this distinction early in the 1996 certification order, noting that the pleadings indicate "plaintiffs seek a declaration of whether the cities' ordinances are unconstitutional, and seek § 1983 damages, contending that their rights have been violated by defendants' enforcement of the same." (Appellants' Add. at 13.) The court went on to find a common link between the class members on the question of whether the ordinances were constitutional, making that question suitable for class action status. The district court concluded that "plaintiffs' constitutional claims should be certified as a class action pursuant to Rule 23(b)(2) as the relief sought is declaratory and injunctive and since it can fairly be said that the defendant municipalities have 'acted or refused to act' on grounds generally applicable to all persons challenging the validity of the defendants' ordinances." (Id. at 19.)

To the contrary, the district court found no common link existing between the asserted class members on the question of § 1983 damages for the violation of their individual civil rights because "the propriety of relief requires consideration of the individual circumstances of each class member . . . the number of defendant municipalities and their acting officials; [and] the varying number of dates, times, locations and factual scenarios giving rise to . . . claims not the result of defendants' common policy or practice." (Id. at 14.) Thus, while the court used shorthand terminology, there is no doubt the district court was referring to the individual claims

7

for damages arising out of their individual civil rights violations when it concluded this discussion by stating "that certification of plaintiffs' § 1983 claims is not an appropriate course of action." (Id.) The district court then stated that "[w]ith respect to the three named plaintiffs, Krantz, Decker and Sweat, the Court will concurrently enter its Order staying their § 1983 claims pending the resolution of plaintiffs' constitutional claims." (Id. at 14-15.)

In the order of April 26, 2000, the district court did not reinterpret that May 1996 class certification order but quoted from it and refused to deviate from it. Additionally, in the April 26, 2000, order the district court stated the following:

> Plaintiffs did not appeal–and the appellate court did not address–this Court's determination that their § 1983 claims should not be certified for class action. Thus, this Court's earlier determination not to certify the § 1983 claims for class action remains undisturbed. Absent such certification, of course, the nominal plaintiffs, Krantz, Decker and Sweat, may only proceed on their own § 1983 claims–and may not assert any such claims for any other alleged plaintiffs.
>
> Plaintiffs have not asked the Court to reconsider or change its ruling on class certification on the § 1983 claims–which was made almost four years ago–but rather, attempt to argue that the Court intended by the style of language used in later orders to permit class action status for the § 1983 claims notwithstanding its clear expression of a contrary intent in its May 21, 1996, Order. The Court had no such intention and, therefore, rejects such arguments out of hand.

(Id. at 24.)

We conclude that the district court did not improperly add any new interpretation to its prior order but simply abided by its express terms. The district court is not responsible for the appellants' claimed misunderstanding of the earlier class certification order. While we recommend that the district court not use such shorthand

8

references in the future, we conclude that in the context of this entire order, the language was not ambiguous.

The appellants argue that the class was entitled to specific notice that their individual damages claims were not given class certification. We believe sufficient notice was given when the district court issued a written order specifically granting class certification on the constitutional challenge to the ordinances and specifically denying class certification on the individual § 1983 civil rights claims. The district court filed this order, it was issued to the attorneys, and there is no claim that notice of the order was not received. There is no allegation that any class members did not realize that they were granted class action status to challenge the ordinance, and the denial of class action status as to the individual civil rights claims was within the same order. Instead, they claim to not have understood that this order denied class certification of the individual civil rights damages claims. The appellants argue that they understood that the certification order merely stayed the issue of class damages pending resolution of the constitutional overbreadth issue. We have already rejected the contention that the order was ambiguous and concluded that although the order was not a model in precision language, it was nonetheless sufficiently clear to convey the court's denial of class action certification on the individual civil rights damages claims. No further notice was necessary in this context.

Finally, the appellants contend that the district court abused its discretion in refusing to grant them leave to amend the complaint to name additional plaintiffs for the damages request. The decision to grant leave to amend is within the sound discretion of the district court. Krispin v. May Dep't Stores Co., 218 F.3d 919, 924 (8th Cir. 2000).

In the April 26, 2000, order, the district court stated that it would not grant leave to name additional plaintiffs, finding that "[n]o good reason is shown for such leave at this late date. Moreover, the naming of additional plaintiffs would essentially amount

9

to the grant of permission for plaintiffs to go forward in a quasi-class action which the Court has determined not to be appropriate with respect to § 1983 claims in this case." (Appellants' Add. at 25.) Although there was no pending motion for leave to amend to name additional plaintiffs at the time of that order, the issue had arisen when the municipalities argued in their motion for summary judgment that no individuals or class members other than the named plaintiffs should be allowed to assert damages in this case, and the plaintiffs argued that subsequent orders of the district court indicated that class action status had been granted for the entire case.

We conclude that the district court did not abuse its discretion in determining that there was no showing of good cause to grant leave to amend at this late date. Class certification had been granted in 1996 on the declaratory and injunctive claims but denied on the claim of individual civil rights violations and damages. Four years had passed since this order, which had clearly provided no basis for asserting class wide damages. Granting leave to amend to add new individual civil rights violations at such a late date would have resulted in a need for further discovery, the exploration of stale evidence, and extended delay. See In re Milk Prods. Antitrust Litig., 195 F.3d 430, 438 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000). The district court explicitly referred to the late date of the motion to amend as problematic and noted that the appellants had offered no valid reason for not amending their complaint in a more timely fashion.

The appellants filed a formal motion for leave to amend the complaint to name additional plaintiffs after the district court had entered its final order dismissing the case on May 1, 2000. They filed their appeal on May 24, 2000, and the district court subsequently denied the motion to amend as moot. After a complaint is dismissed, leave to amend may still be granted but a district court does not abuse its discretion in refusing to allow an amendment if it changes the theory of the case, summary judgment has already been granted, and no valid reason is shown for failing to present the new theory earlier. Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th

10

Cir. 1993). The motion for leave to amend here sought to add individuals who had signed the original pro se complaint in this case five years earlier. Adding new plaintiffs now alleging new civil rights violations would have required a new set of facts to be proven by each plaintiff against each defendant–in effect, a new theory for each new plaintiff. The appellants offer no reason for not seeking to add these individuals sooner, other than their alleged confusion caused by the allegedly ambiguous nature of the district court's class certification order. We have already rejected the contention that the district court's order was so confusing that they would not have known that class certification was denied on the individual claims of civil rights violations and resulting damages. We find no abuse of discretion.

We have considered all of the appellants' remaining arguments and find them to be without merit.

III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.