# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-1691

———————

ABC, Inc.,

              Appellee,

      v.

Nameloc, Inc.,

              Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas.
\*
\*
\*

———————

Submitted: December 18, 2003
Filed: April 1, 2004

———————

Before MELLOY, MCMILLIAN, and BOWMAN, Circuit Judges.

———————

MELLOY, Circuit Judge.

This appeal arises out of a breach of contract claim brought by Appellee ABC, Inc. ("ABC") against Appellant Nameloc, Inc. ("Nameloc"). The two parties entered into an Asset Purchase and Sale Agreement (the "Agreement"), under which Nameloc agreed to transfer to ABC certain assets of a radio station, KYFX(FM) of Little Rock, Arkansas. Both parties accept that the Agreement, as it existed at the time of its execution, required Nameloc to consent within fifteen days to the filing of an application, Form 314, with the Federal Communications Commission ("FCC") requesting FCC consent to the assignment of the station's broadcast licenses to ABC. The parties also agree that Nameloc failed, at all pertinent times, to give that consent.

However, Nameloc contends that the Agreement was modified so as to postpone the duty to authorize the filing of Form 314 until it secured a transmitter site lease including a free assignability clause. Because Nameloc was unable to secure a free assignability clause in the lease, Nameloc argues, its consent was never required, and it is not in breach.

ABC sued Nameloc in district court, seeking specific performance and equitable compensation. Nameloc filed a counterclaim for damages, alleging that ABC breached the Agreement by using the station's call letters in a job posting. Both parties filed motions for summary judgment. The district court[1] found for ABC on both the breach of contract claim and on Nameloc's counterclaim. The district court entered a permanent injunction ordering Nameloc to sign and deliver to ABC an authorization for ABC to file Form 314. Nameloc now appeals the grant of summary judgment on both ABC's claim and on its counterclaim.

We review a grant of summary judgment de novo. Jackson v. Ark. Dep't of Educ., Vocational & Technical Educ. Div., 272 F.3d 1020, 1025 (8th Cir. 2001). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Deciding the modification issue at the summary judgment stage was proper because no material facts were in dispute. Instead, the parties advocated different interpretations of correspondence that passed between them; Nameloc contended that certain communications constituted a modification of the Agreement, while ABC argued that they did not.

---

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Under Arkansas law,[2] "[t]he initial determination of whether a contract is ambiguous rests with the court, and when a contract is unambiguous, its construction is a question of law for the court." Rowland v. Faulkenbury, 883 S.W.2d 848, 850 (Ark. Ct. App. 1994). Whether particular facts amount to modification of a contract is a question of law. Cousineau v. Norstan, Inc., 322 F.3d 493 (8th Cir. 2003) (applying Minnesota law).

> Whether a contract has been modified by the parties thereto is ordinarily a question of fact for the trier of fact, as where the evidence is conflicting or the terms of the agreement are equivocal or uncertain. But it is for the court to say whether certain letters passing between the parties constitute a modification of an existing contract between them.

17A Am. Jur. 2d Contracts § 510 (1991). Therefore, the modification at issue here was properly considered at the summary judgment stage.

After carefully reviewing the record, we find that the district court correctly entered summary judgment in favor of ABC. Nameloc contends that four pieces of correspondence between Nameloc and ABC amended the Agreement. However, none of these documents addresses any "amendment" to the Agreement. At most, the writings evidence a temporary waiver of Nameloc's obligation to consent until the execution of the transmitter site lease, which ABC contemplated would be executed no later than May 28, 2002.[3] By June 3, 2002, this temporary waiver had been withdrawn, as shown by a letter from ABC to Nameloc in which ABC stated that

---

[2]During the December 17, 2002, hearing, the parties stipulated on the record that Arkansas substantive law applied in interpreting the Agreement.

[3]See Mr. McGinnis's May 16, 2002 fax entitled "Message," which states: "Please call either Carrie Bairunas . . . or Townsend Davis . . . to let them know that the lease is signed. They will then file the 314 with the FCC. I will be out of the office until May 28th, but will be checking voicemails regularly."

Nameloc was in breach because it had failed to file the application with the FCC. After this date, ABC was free to, and did, seek to enforce the terms of the Agreement. Nameloc refused to comply, and thus was in breach.

The district court also properly dismissed Nameloc's counterclaim for use of its call letters. The agreement of the parties was that ownership of the call letters would not transfer as part of the sale to ABC. In a job advertisement posted on the Internet, ABC referred to the call letters to identify the station. This use of the call letters in no way exhibited ownership over the letters. Therefore, the Agreement was not violated.

The order of the district court is therefore affirmed.

_____