# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2074

_____

| | | |
|---|---|---|
| ABC, Inc., | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Nameloc, Inc., | * | Eastern District of Arkansas |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 14, 2005
Filed:  March 18, 2005

_____

Before WOLLMAN, McMILLIAN, and BENTON, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

ABC, Inc., ("ABC") brought this diversity action against Nameloc, Inc., ("Nameloc") in the United States District Court[1] for the Eastern District of Arkansas seeking specific performance of an asset purchase and sale agreement ("the agreement") involving a radio station.  Now before us is an appeal by Nameloc from three orders of the district court finding Nameloc in contempt of court and ordering it to pay attorneys' fees and costs.  ABC, Inc. v. Nameloc, Inc., No. 4:02-CV-714 (E.D. Ark. Mar. 1, 2004) (granting ABC's second motion to hold Nameloc in

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

contempt and awarding fees and costs); id. (Mar. 3, 2004) (judgment for outstanding balance of award); id. (Mar. 24, 2004) (amended judgment adding post-judgment interest) (collectively referred to as "the March 2004 orders"). For reversal, Nameloc contends that the district court violated its First Amendment right to freedom of association by holding it responsible for attorneys' fees and costs incurred by ABC in responding to third party filings with the Federal Communications Commission ("FCC"). For the reasons stated below, we affirm the March 2004 orders of the district court.

Jurisdiction in the district court was proper based upon 28 U.S.C. § 1332. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

The following is a summary of the relevant factual and procedural background. ABC and Nameloc entered into the agreement in March 2002. Nameloc agreed to transfer to ABC assets and rights of its radio station, KYFX(FM), in Little Rock, Arkansas, and ABC agreed to pay Nameloc approximately $2.5 million. On November 8, 2002, ABC filed the present lawsuit seeking specific performance of the agreement, including Nameloc's duty under the agreement to provide the FCC with consent to the transfer of its broadcast license to ABC. Nameloc counterclaimed for breach of contract based on ABC's use of the KYFX call letters in a job posting.

The parties filed cross-motions for summary judgment. On February 18, 2003, the district court granted ABC's motion for summary judgment and denied Nameloc's cross-motion for summary judgment. On March 5, 2003, the district court entered a permanent injunction ordering Nameloc to sign and deliver to ABC an FCC "Form 314," authorizing the transfer of Nameloc's broadcast license to ABC. Shortly thereafter, Nameloc signed and delivered the Form 314 to ABC in compliance with

the permanent injunction. Nameloc also appealed the district court's summary judgment order to this court.[2]

Meanwhile, on March 10, 2003, Nameloc separately filed with the FCC a complaint against ABC urging the FCC *not* to approve the transfer of the broadcast license. The president of Nameloc also met with leaders of several public interest organizations and discussed with them the circumstances surrounding ABC's pending application for the broadcast license transfer. On April 28, 2003, several public interest organizations (hereinafter "the third parties") filed papers with the FCC in opposition to the transfer of the broadcast license from Nameloc to ABC. On May 30, 2003, the FCC nevertheless approved the transfer of the broadcast license.

Shortly after Nameloc filed its complaint against ABC with the FCC, ABC moved in the district court for an order of contempt on grounds that Nameloc's efforts to prevent the transfer of the broadcast license violated the agreement and the district court's prior orders. The district court agreed. In an order dated June 16, 2003, the district court held: "The Court recognizes that Nameloc's direct, and indirect, efforts failed to prevent the FCC's consent. . . . Though its attempts were unsuccessful, the fact remains that Nameloc acted in direct contravention of this Court's orders. The Court now finds Nameloc in civil contempt." Id., slip op. at 2 (June 16, 2003). The district court ruled that Nameloc would be required to pay, as sanctions, ABC's "reasonable costs and attorneys' fees in bringing the contempt issue before [the] Court, as well as for having to defend the FCC complaint." Id. at 7. On July 14, 2003, the district court entered an order awarding ABC attorneys' fees and costs. Id. (July 14, 2003). Addressing Nameloc's argument that it should not be required to pay ABC's attorneys' fees and costs associated with the third parties' FCC filings, the district court reasoned that "the third party petitions to the FCC would not have been

---

[2]On April 1, 2004, this court affirmed the district court's summary judgment order. ABC, Inc. v. Nameloc, Inc., 362 F.3d 449 (8th Cir. 2004).

made but for the contemptuous actions of Nameloc in filing the FCC complaint" and noted that it had previously found Nameloc in contempt "for both directly and indirectly attempting to prevent the FCC from consenting to the transfer." Id. at 2. Nameloc did not appeal the order of July 14, 2003, or the underlying contempt order of June 16, 2003.

On November 23, 2003, ABC filed a second motion to hold Nameloc in contempt of court. ABC alleged that, despite the district court's prior orders requiring Nameloc to take all steps reasonably necessary and to fully cooperate in support of the transfer of the broadcast license, Nameloc had continued to file and to cause others to file papers with the FCC seeking to prevent the broadcast license transfer. Upon review, the district court concluded that Nameloc had engaged in further direct and indirect efforts to obstruct the FCC's transfer of the broadcast license to ABC. The district court granted ABC's second contempt motion and awarded it additional attorneys' fees and costs. Regarding the fees and costs associated with the third parties' FCC filings, the district court wrote:

> Nameloc's only substantive response to ABC's request for a contempt finding and attorneys' fees is that the First Amendment prevents Nameloc from being held responsible for the FCC filings made by interested third parties. The Court notes that its June 16, 2003 Order awarded attorneys' fees and costs for the actions of Nameloc which resulted in Nameloc being held in contempt. It was Nameloc, not a third party, that filed a complaint against ABC before the FCC. The FCC filing necessitated the contempt proceedings in this Court. Additionally, sufficient record evidence existed for the Court to conclude that Nameloc solicited other groups and organizations to file petitions with the FCC objecting to ABC's purchase of KYFX. The Court's June 16, 2003 contempt finding was directed at Nameloc's actions, both direct and indirect, which were aimed at preventing the transfer of the FCC license to ABC and which were in direct contravention of the Court's prior Orders. As stated in the July 14, 2003 Order, "the Court is

satisfied that the third party petitions to the FCC would not have been made but for the contemptuous actions of Nameloc in filing the FCC complaint." Nameloc's objection to being held liable for "acts undertaken by the Third Party Petitioners before the FCC" is unfounded, given that the Court's contempt finding was premised solely on Nameloc's direct and indirect actions in derogation of the Court's orders. Similarly, the finding of this Order, specifically that Nameloc continued to be in contempt after the Court's June 16 and July 14, 2003 Orders, is based on Nameloc's direct and indirect efforts to hinder the transfer of the radio license to ABC.

Id. (Mar. 1, 2004). On March 4, 2004, after partial satisfaction of the awards of attorneys' fees and costs, the district court entered a judgment ordering Nameloc to pay the remaining balance of $7,366.46. On March 23, 2004, the district court entered an amended judgment adding post-judgment interest. Nameloc appealed.[3]

## Discussion

The sole issue presented on appeal is whether the district court violated Nameloc's First Amendment free association rights when it ordered Nameloc to pay attorneys' fees and costs incurred by ABC in responding to the third parties' filings with the FCC. As a threshold matter, we consider ABC's argument that Nameloc is procedurally barred from raising this First Amendment issue because it failed to appeal from the district court's earlier orders deciding the very same issue and awarding the very same type of fees and costs now being challenged.

In Sweat v. City of Fort Smith, Arkansas, 265 F.3d 692, 696 (8th Cir. 2001) (Sweat), this court confronted a similar, though not identical, situation when that case

---

[3]Nameloc's notice of appeal states that the appeal is taken "from the amended judgment entered in this action on March 23, 2004, the judgment entered in this action on March 4, 2004, and the order entered in this action on March 1, 2004."

came before us on a second appeal following a remand. In <u>Sweat</u>, we declined to review an order of the district court which had been entered prior to the first appeal. We explained:

> At that juncture [i.e., at the time of the first appeal], . . . a final order had issued in the case, and as explained below, the appellants were duty bound to raise or waive all existing appealable issues.

> We have said that claims not raised in an initial appeal brief are waived. The general rule is that, where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand. We recognize that this rule is prudential, not jurisdictional, but we see no reason here to depart from the general rule.

<u>Id.</u> (internal quotation marks and citations omitted).

In the present case, it is undisputed that the district court's July 14, 2003, order awarding fees and costs was a final and appealable order. Nameloc did not timely appeal from that order or from the underlying contempt order filed on June 16, 2003. Under the principle expressed in <u>Sweat</u>, Nameloc was "duty bound" at the time of the July 14, 2003, order to raise or waive all existing appealable issues, including the constitutionality of the award of attorneys' fees and costs incurred by ABC in responding to the third parties' FCC filings. Because Nameloc did not timely appeal from the July 14, 2003, order or from the underlying June 16, 2003, contempt order, it waived the issue presently asserted on appeal. Moreover, Nameloc has not presented any justification for departure from the general rule of waiver, and we perceive none. We therefore refrain from considering Nameloc's First Amendment argument on the merits.

The March 2004 orders of the district court are affirmed.

_____