LUCERO, J.,
concurring.
I concur in the majority’s holding, but write separately to address an important point of disagreement. The majority speculates in footnote six that we could decline to address Creighton’s claim because he failed to make this argument during the *1292 earlier interlocutory appeal. But this circuit has never come close to holding what the majority suggests — that unless a criminal defendant advances alternative bases for affirming a suppression ruling during the government’s interlocutory appeal, he cannot make those arguments in his own direct appeal.
The majority cites Haynes Trane Service Agency v. American Standard, Inc., 573 F.3d 947 (10th Cir.2009), for the idea that “[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.” Id. at 963 (quotation omitted). But this is a principle of civil litigation, and has no place in the context of an interlocutory appeal in a criminal prosecution. Criminal procedure is different: 18 U.S.C. § 3731 permits the government to take an interlocutory appeal, but does not authorize a defendant to simultaneously cross-appeal. It is inappropriate to mechanistically import a rule from civil procedure, where cross-appeals are permitted, to criminal procedure, where they are not.
Proeedurally, this case is nothing like the cases the majority cites for its novel law-of-the-case principle. Both United States v. Henry, 472 F.3d 910 (D.C.Cir.2007), and United States v. Kress, 58 F.3d 370 (8th Cir.1995), held that a criminal defendant who could have advanced an argument in his first appeal could not advance it for the first time in his second appeal. Neither case addressed, or even contemplated, arguments not raised during the government’s interlocutory appeal. And, although the Eighth Circuit recognized that a criminal defendant may advance alternative bases for affirming suppression during an interlocutory appeal, see United States v. Valle Cruz, 452 F.3d 698, 705 (8th Cir.2006), the majority cites no authority for the proposition that a defendant must advance alternative bases during the interlocutory appeal.
I am not surprised by the lack of authority supporting the majority’s proposal, because the rule, if ever accepted by any circuit, would cause great mischief. Unsure of which arguments to make on interlocutory appeal, a cautious defendant would simply advance every possible claim in order to preserve it for appeal. For this reason, even in the civil context in which the rule rightly applies, it is “prudential, not jurisdictional” and “appellate courts should not enforce the rule punitively against appellees, because that would motivate appellees to raise every possible alternative ground and to file every conceivable protective cross-appeal, thereby needlessly increasing the scope and complexity of initial appeals.” Kessler v. Nat’l Enter., Inc., 203 F.3d 1058, 1059 (8th Cir.2000).
This case illustrates the problem. The district court’s oral ruling on exigency is extremely cursory and lacks any detailed finding of fact or legal analysis. Given that we will affirm on an alternative basis only if the record is indisputable and clear, see United States v. Schneider, 594 F.3d 1219, 1227 (10th Cir.2010), the forfeiture rule suggested by the majority would require Creighton to make a facially frivolous argument, just for the sake of preservation.
Because the forfeiture rule proposed in footnote six would hamper the goal of judicial economy, and place a fundamentally unfair burden on an appellee who is not allowed to cross-appeal, our circuit has wisely opted not to adopt such a rule. We should not change course.